# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NORWOOD, | CASE NO. 1:08-cv-00172-LJO-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM FOUND TO BE COGNIZABLE |
| v. | |
| M. ROBINSON, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

## I.    Screening Requirement

Plaintiff Gregory Norwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 4, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, while the burden on the pleader is not great, the factual allegations must still be sufficient to state a plausible claim. <u>Johnson v. Riverside Healthcare System, LP</u>, 534 F.3d 1116, 1122 (9th Cir. 2008).

**II.    Plaintiff's Claims**

    **A.    Summary of Complaint**

Plaintiff is currently housed at California Substance Abuse Treatment Facility and State Prison in Corcoran. Plaintiff alleges that his First Amendment right to be free from retaliation was violated by prison officials during the time he was housed at the California Correctional Institution ("CCI") in Tehachapi. Plaintiff's claims arise from the confiscation of his personal property and the withholding of his quarterly package, actions he alleges were taken in retaliation for the inmate appeals he filed.

Plaintiff names prison officials Robinson, Sigston, Martinez, Townsend, Zanchi, Carrasco, Gonzales, and Wright as defendants. Plaintiff seeks money damages, sanctions against the prison, the return of his property, and the implementation of policies requiring that (1) inmates be provided their property and quarterly packages within fifteen days from when their building is searched while on lock-down, and (2) inmates either be given their hygiene supplies or be provided by the prison with shower shoes, lotion, deodorant, and hair combs.

The events at issue began on August 29, 2006, following Plaintiff's release from the Security Housing Unit ("SHU"). Plaintiff went to Receiving and Release ("R&R") for general population placement pending transfer to a different prison. The property Plaintiff had accumulated while in the SHU was confiscated. Plaintiff was informed that shower shoes were not given out and tooth powder was currently unavailable. Plaintiff filed an inmate appeal against the R&R property officer, who was identified to Plaintiff by other inmates as Defendant Robinson. Plaintiff alleges that appeal

1   was never documented or returned to him, but he could tell from the actions of other property
2   officers that it had been received.

3        On September 27, 2006, Plaintiff was summoned to get his initial property by Defendant
4   Robinson.  Certain items, including tennis shoes, clothes, a hot pot, and a cassette recorder, were
5   confiscated.  Plaintiff alleges that he was pending transfer to another institution which would allow
6   those items, and his stay at CCI 4A was only temporary.  Plaintiff alleges that Defendant Robinson
7   was "apparently angered," and when Plaintiff told Robinson he needed the clothes for trial, Robinson
8   said he did not care because Plaintiff was not going to trial there. (Comp., pg. 5.)  Plaintiff requested
9   the confiscated items be withheld pending the outcome of the inmate appeal he was going to file and
10  Robinson said he loved it when inmates played those games and he would hold the property nine
11  months and still not send it to the receiving institution, regardless of the appeal's disposition.

12       Plaintiff alleges that on April 30, 2007, he was packing his property for transfer to another
13  prison, and was told by Defendant Sigston that the confiscated property would be included in the
14  transfer.[1]  Plaintiff was instructed to leave his property at R&R for Sigston and Robinson to pack.
15  Defendants assured Plaintiff the next day that the confiscated items were in the four boxes of packed
16  property. However, when Plaintiff's property was unpacked at the new prison the next day, the items
17  were not there and his other property items were in complete disarray.

18       Plaintiff alleges that the regulation cited to by Defendant Robinson in support of the property
19  confiscation is an "underground regulation" illegally enacted in contravention of the Administrative
20  Procedures Act.  (Comp., pg. 7; Ex. A.)

21       Plaintiff also alleges that his quarterly package was withheld for ninety days in retaliation for
22  the appeals he filed.  Plaintiff alleges the package was sent the last week of September 2006, but was
23  not given to Plaintiff until December 26, 2006.  Plaintiff alleges that the regulation cited to by prison
24  officials in support of the delay was "illegally applied."  (Comp., pg. 8; Ex. H.)

25  ///

26  ///

27  _____

28       [1] Plaintiff wrote 2006 in the complaint, but from the chronology of events, it had to have been 2007, unless
    the events began in 2005 rather than 2006.

### B.    First Amendment Retaliation Claims

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

The Court finds that the confiscation and withholding of Plaintiff's personal property for twenty-seven days does not give rise to a cognizable retaliation claim against Defendants Robinson and Sigston.  Although Plaintiff alleges his property was withheld for twenty-seven days in retaliation for filing inmate appeals, Plaintiff has not alleged facts which support the existence of a retaliatory motive and the absence of any legitimate correctional goal.  Plaintiff's allegations and exhibits point to the confiscation as resulting from a regulation governing property at the facility housing Plaintiff.  Although Plaintiff clearly disagrees with the regulation and describes it as an underground regulation, Plaintiff's disagreement with its enactment and/or validity does negate its application to his property.  Likewise, Plaintiff's belief that he should have been allowed to retain his property because it was allowable at the institution he was going does not translate into a

1 violation of Plaintiff's rights.  Plaintiff is subject to the rules and regulations of the prison he is at

2 while he is there.  That a different prison may have different rules and regulations is immaterial.

3        However, the Court finds that the failure of Defendants Robinson and Sigston to pack

4 Plaintiff's confiscated property is sufficient to support a retaliation claim.  Plaintiff's allegations

5 demonstrate that they promised they would do so and then failed to, and that Robinson said he would

6 not send it to the receiving institution, regardless of the outcome of Plaintiff's inmate appeal.

7 Accordingly, Plaintiff may proceed against Robinson and Sigston in this action based on the failure

8 to give him his confiscated property upon his transfer to a different institution.

9        With respect to the withholding of Plaintiff's quarterly package, Plaintiff has not specifically

10 linked anyone to a retaliatory withholding of the package.  Further, although Plaintiff again disagrees

11 with the regulation on the basis that it was "illegal," his exhibits establish that the regulation

12 provided for a temporary suspension of package deliveries up to ninety days during lock-downs, and

13 the prison was on lock-down during that period due to the attempted murder of a peace officer.

14 Plaintiff's disagreement with the regulation or with the decision to withhold the package is not

15 sufficient to give rise to a claim.  The delay in delivering the package must have been motivated

16 solely out of retaliation, and Plaintiff's allegations and exhibits do not support such a finding,

17 notwithstanding Plaintiff's failure to link the deprivation of any particular defendant.

18        Finally, Plaintiff alleges claims against Defendants Martinez, Townsend, Zanchi, Carrasco,

19 Gonzales and Wright based on their involvement in denying his inmate appeals concerning his

20 property issues, including the confiscation of his quarterly package for ninety days.  Generally,

21 "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the

22 violation," George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), and there are no facts alleged here

23 which require any deviation from this general rule.  Assuming Defendants Robinson and Sigston

24 failed to pack Plaintiff's confiscated property items in order to retaliate against him for filing

25 grievances, the defendants responding to Plaintiff's appeal of the property confiscation are not liable

26 under section 1983 for Robinson and Sigston's actions.

27 ///

28 ///

5

**III.     Conclusion and Recommendation**

Plaintiff's complaint states a cognizable claim under section 1983 against Defendants Robinson and Sigston for retaliating against Plaintiff by failing to pack his confiscated property items for transfer.  However, there are no other cognizable claims alleged.  Plaintiff may file an amended complaint curing the deficiencies identified by the Court in this order, assuming Plaintiff believes, in good faith, that they are curable.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

In the alternative, Plaintiff may notify the Court that he does not wish to file an amended complaint and is willing to proceed only against Defendants  Robinson and Sigston for failing to pack his confiscated property items.  Upon receipt of such notice, the Court will provide Plaintiff with two summonses and two USM-285 forms for completion and return.  The United States Marshal will be directed to initiate service of process once the forms are returned to the Court.

Finally, if Plaintiff opts to amend, he is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

       a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

       b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Robinson and Sigston on his cognizable retaliation claim; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **September 19, 2008**               **/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE