**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NORWOOD, | CASE NO. 1:08-cv-00172-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| M. ROBINSON, et al., | (Docs. 1 and 7) |
| Defendants. | |

**Findings and Recommendations Following Screening of Complaint**

**I.    Procedural History**

Plaintiff Gregory Norwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 4, 2008.

On September 19, 2008, the Court issued an order finding that Plaintiff's complaint states a cognizable claim against Defendants Robinson and Sigston for retaliating against Plaintiff by failing to pack his confiscated property items for transfer, but does not state any other cognizable claims. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found to be cognizable. On September 29, 2008, Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claim found cognizable. Based on Plaintiff's notice, this Findings and Recommendations now issues.

///

///

1

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, while the burden on the pleader is not great, the factual allegations must still be sufficient to state a plausible claim. Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008).

## III. Plaintiff's Claims

### A. Summary of Complaint

Plaintiff is currently housed at California Substance Abuse Treatment Facility and State Prison in Corcoran. Plaintiff alleges that his First Amendment right to be free from retaliation was violated by prison officials during the time he was housed at the California Correctional Institution ("CCI") in Tehachapi. Plaintiff's claims arise from the confiscation of his personal property and the withholding of his quarterly package, actions he alleges were taken in retaliation for the inmate appeals he filed.

Plaintiff names prison officials Robinson, Sigston, Martinez, Townsend, Zanchi, Carrasco, Gonzales, and Wright as defendants. Plaintiff seeks money damages, sanctions against the prison, the return of his property, and the implementation of policies requiring that (1) inmates be provided

their property and quarterly packages within fifteen days from when their building is searched while on lock-down, and (2) inmates either be given their hygiene supplies or be provided by the prison with shower shoes, lotion, deodorant, and hair combs.

The events at issue began on August 29, 2006, following Plaintiff's release from the Security Housing Unit ("SHU"). Plaintiff went to Receiving and Release ("R&R") for general population placement pending transfer to a different prison. The property Plaintiff had accumulated while in the SHU was confiscated. Plaintiff was informed that shower shoes were not given out and tooth powder was currently unavailable. Plaintiff filed an inmate appeal against the R&R property officer, who was identified to Plaintiff by other inmates as Defendant Robinson. Plaintiff alleges that appeal was never documented or returned to him, but he could tell from the actions of other property officers that it had been received.

On September 27, 2006, Plaintiff was summoned to get his initial property by Defendant Robinson. Certain items, including tennis shoes, clothes, a hot pot, and a cassette recorder, were confiscated. Plaintiff alleges that he was pending transfer to another institution which would allow those items, and his stay at CCI 4A was only temporary. Plaintiff alleges that Defendant Robinson was "apparently angered," and when Plaintiff told Robinson he needed the clothes for trial, Robinson said he did not care because Plaintiff was not going to trial there. (Comp., pg. 5.) Plaintiff requested the confiscated items be withheld pending the outcome of the inmate appeal he was going to file and Robinson said he loved it when inmates played those games and he would hold the property nine months and still not send it to the receiving institution, regardless of the appeal's disposition.

Plaintiff alleges that on April 30, 2007, he was packing his property for transfer to another prison, and was told by Defendant Sigston that the confiscated property would be included in the transfer.[1] Plaintiff was instructed to leave his property at R&R for Sigston and Robinson to pack. Defendants assured Plaintiff the next day that the confiscated items were in the four boxes of packed property. However, when Plaintiff's property was unpacked at the new prison the next day, the items were not there and his other property items were in complete disarray.

---

[1] Plaintiff wrote 2006 in the complaint, but from the chronology of events, it had to have been 2007, unless the events began in 2005 rather than 2006.

3

1    Plaintiff alleges that the regulation cited to by Defendant Robinson in support of the property
2 confiscation is an "underground regulation" illegally enacted in contravention of the Administrative
3 Procedures Act. (Comp., pg. 7; Ex. A.)

4    Plaintiff also alleges that his quarterly package was withheld for ninety days in retaliation for
5 the appeals he filed. Plaintiff alleges the package was sent the last week of September 2006, but was
6 not given to Plaintiff until December 26, 2006. Plaintiff alleges that the regulation cited to by prison
7 officials in support of the delay was "illegally applied." (Comp., pg. 8; Ex. H.)

**B.    First Amendment Retaliation Claims**

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

The Court finds that the confiscation and withholding of Plaintiff's personal property for twenty-seven days does not give rise to a cognizable retaliation claim against Defendants Robinson and Sigston. Although Plaintiff alleges his property was withheld for twenty-seven days in

4

retaliation for filing inmate appeals, Plaintiff has not alleged facts which support the existence of a retaliatory motive and the absence of any legitimate correctional goal. Plaintiff's allegations and exhibits point to the confiscation as resulting from a regulation governing property at the facility housing Plaintiff. Although Plaintiff clearly disagrees with the regulation and describes it as an underground regulation, Plaintiff's disagreement with its enactment and/or validity does not negate its applicability to his property. Likewise, Plaintiff's belief that he should have been allowed to retain his property because it was allowable at the institution he was going to be transferred to does not translate into a violation of Plaintiff's rights. Plaintiff is subject to the rules and regulations of the prison he is at while he is there. That a different prison may have different rules and regulations is immaterial.

However, the Court finds that the failure of Defendants Robinson and Sigston to pack Plaintiff's confiscated property is sufficient to support a retaliation claim. Plaintiff's allegations demonstrate that they promised they would do so and then failed to, and that Robinson said he would not send it to the receiving institution, regardless of the outcome of Plaintiff's inmate appeal. Accordingly, Plaintiff may proceed against Robinson and Sigston in this action based on the failure to give him his confiscated property upon his transfer to a different institution.

With respect to the withholding of Plaintiff's quarterly package, Plaintiff has not specifically linked anyone to a retaliatory withholding of the package. Further, although Plaintiff again disagrees with the regulation on the basis that it was "illegal," his exhibits establish that the regulation provided for a temporary suspension of package deliveries up to ninety days during lock-downs, and the prison was on lock-down during that period due to the attempted murder of a peace officer. Plaintiff's disagreement with the regulation or with the decision to withhold the package is not sufficient to give rise to a claim. The delay in delivering the package must have been motivated solely out of retaliation, and Plaintiff's allegations and exhibits do not support such a finding, notwithstanding Plaintiff's failure to link the deprivation of any particular defendant.

Finally, Plaintiff alleges claims against Defendants Martinez, Townsend, Zanchi, Carrasco, Gonzales and Wright based on their involvement in denying his inmate appeals concerning his property issues, including the confiscation of his quarterly package for ninety days. Generally,

"[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation," George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), and there are no facts alleged here which require any deviation from this general rule. Assuming Defendants Robinson and Sigston failed to pack Plaintiff's confiscated property items in order to retaliate against him for filing grievances, the defendants responding to Plaintiff's appeal of the property confiscation are not liable under section 1983 for Robinson and Sigston's actions.

## IV.     Conclusion and Recommendation

Plaintiff's complaint states a cognizable First Amendment claim under section 1983 against Defendants Robinson and Sigston for retaliating against Plaintiff by failing to pack his confiscated property items for transfer. However, there are no other cognizable claims alleged. Plaintiff was provided with the opportunity to either amend or proceed only on his cognizable claim, and has opted to proceed on the cognizable claim. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed February 4, 2008, against Defendants Robinson and Sigston for retaliating against Plaintiff by failing to pack his confiscated property items for transfer;

2. Plaintiff's retaliation claims based on the confiscation of his personal property and the withholding of his quarterly package be dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Defendants Martinez, Townsend, Zanchi, Carrasco, Gonzales, and Wright be dismissed from this action based on Plaintiff's failure to state any claims against them under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 2, 2008**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE