1    SC

2

3

4

5

6           **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   Gregory Norwood,                    )    No. CV 1:08cv00172-ROS
                                        )
10          Plaintiff,                  )    **ORDER**
                                        )
11  vs.                                 )
                                        )
12  M. Robinson, et al.,                )
                                        )
13          Defendants.                 )
    _____    )

14

15        Plaintiff Gregory Norwood, who is confined in the California Substance Abuse

16  Treatment Facility and State Prison in Corcoran, California, commenced this action by filing

17  a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on February 4, 2008. (Doc.#

18  1.)[1] Plaintiff was subsequently granted leave to proceed *in forma pauperis*. (Doc.# 4.) On

19  September 19, 2008, the Court filed an Order granting Plaintiff 30 days in which to file an

20  amended complaint in which to attempt to cure deficient claims, or alternatively, notify the

21  Court that he wished only to proceed on his sufficiently pleaded claims. (Doc.# 6.) Plaintiff

22  notified the Court that he wished to proceed only on the sufficiently pleaded claims in his

23  Complaint.    (Doc.# 7.)    Magistrate Judge Snyder thereafter issued Findings and

24  Recommendations (F&R) recommending dismissal of certain claims and defendants and

25  ordering service of the Complaint on the remaining Defendants. (Doc.# 9, 10.) Plaintiff

26

27        [1] "Doc.#" refers to the docket number of filings in this case.

28

1 submitted completed forms for service on Defendants Robinson and Sigston. (Doc.# 11, 12.)
2 The United States Marshal's Service (USMS) was ordered to serve Defendants Robinson and
3 Sigston. (Doc.# 14.) However, Plaintiff also filed an objection to the F&R in which he
4 indicated that he wished to amend his complaint, contrary to his prior notice. (Doc.# 13.)
5 On that basis, the service Order, doc.# 14, was vacated and Plaintiff was given 30 days in
6 which to file an amended complaint with copies of the Order sent to the USMS. (Doc.# 16.)
7 On October 31, 2008, Plaintiff filed a First Amended Complaint.[2] (Doc.# 17.)   On
8 November 5, 2008, the Magistrate Judge vacated the F&R, doc.# 9, and the Order directing
9 service, doc.# 10. (Doc.# 18.) On November 25, 2008, this action was reassigned to the
10 undersigned. (Doc.# 19.) On December 19, 2008, Defendants filed a request for an
11 extension of time to answer the Complaint. (Doc.# 20.) Waivers of service have since been
12 filed by Defendants Robinson and Sigston. (Doc.# 21, 22.) The Court will order Defendants
13 Robinson, Sigston, and Sampson to answer Plaintiff's claims of retaliation in the First
14 Amended Complaint and will dismiss the remaining claims and Defendant without prejudice.
15 The Court will deny the motion for an extension of time to respond to the Complaint as moot.
16 (Doc.# 20.)

17 **I.      Statutory Screening of Prisoner Complaints**

18       The Court is required to screen complaints brought by prisoners seeking relief against
19 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
20 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
21 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
22 be granted, or that seek monetary relief from a defendant who is immune from such relief.
23 28 U.S.C. § 1915A(b)(1), (2).

24 **II.     First Amended Complaint**

25       In his First Amended Complaint, Plaintiff alleges claims for retaliation and
26 deprivation of property. He sues Corrections Officers M. Robinson and K. Sigston; Warden

27 ───────────────

28       [2] The First Amended Complaint supersedes the original complaint in its entirety.
Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

- 2 -

1  W. J. Sullivan; and grievance co-ordinator K. Sampson.   Plaintiff seeks injunctive,
2  compensatory, and punitive relief.

3  **III.   Failure to State a Claim**

4       To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
5  conduct about which he complains was committed by a person acting under the color of state
6  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.
7  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he
8  suffered a specific injury as a result of the conduct of a particular defendant and he must
9  allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.
10  Goode, 423 U.S. 362, 371-72, 377 (1976).

11       **A.   Property**

12       Plaintiff appears to allege in part the deprivation of personal property in violation of
13  his due process rights.   Where the state makes a meaningful post-deprivation remedy
14  available, neither a negligent, nor an intentional, deprivation of an inmate's property by a
15  state employee violates the inmate's Fourteenth Amendment right to due process.  Parratt v.
16  Taylor, 451 U.S. 527, 541 (1981) (negligent); Hudson v. Palmer , 468 U.S. 517, 533 (1984)
17  (intentional). The availability of a common-law tort suit against a state employee constitutes
18  an adequate post-deprivation remedy.  Hudson, 468 U.S. at 534-35. For that reason, Plaintiff
19  fails to state a constitutional violation for deprivation of property.

20       **B.   Warden Sullivan**

21       Plaintiff alleges that despite knowledge that Corrections Officer Robinson had
22  previously retaliated against inmates for filing grievances, Warden Sullivan failed to properly
23  supervise and train Robinson to prevent the retaliation alleged in this action.

24       Although Warden Sullivan may properly be sued for constitutional violations, Plaintiff
25  fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that
26  show that an individual was personally involved in the deprivation of his civil rights."
27  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in
28  his official capacity, a plaintiff must allege that the official acted as a result of a policy,

- 3 -

1  practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir.

2  2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's

3  position as the supervisor of a someone who allegedly violated a plaintiff's constitutional

4  rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978);

5  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity,

6  "is only liable for constitutional violations of his subordinates if the supervisor participated

7  in or directed the violations, or knew of the violations and failed to act to prevent them."

8  Taylor, 880 F.2d at 1045.

9        Plaintiff makes only conclusory assertions that Sullivan was aware that Robinson had

10  previously retaliated against inmates for filing grievances.  Plaintiff fails to allege facts to

11  support that Sullivan knew of any retaliation against Plaintiff, but failed to act.  Further,

12  Plaintiff fails to allege facts to support that Sullivan had enacted or enforced a policy,

13  custom, or practice that resulted in the denial of Plaintiff's constitutional rights.  Plaintiff

14  therefore fails to state a claim against Sullivan and he be dismissed without prejudice.

15  **IV.    Claim for Which an Answer Will be Required**

16        Plaintiff alleges that Corrections Officers Robinson and Sigston retaliated against him

17  for filing a grievance by confiscating his property and withholding a quarterly package of

18  hygiene and legal items without a legitimate penological reason.  Plaintiff alleges that

19  grievance co-ordinator Sampson knew that Plaintiff had filed a grievance against Robinson

20  and that Robinson had retaliated against him but failed to take action to correct the

21  retaliation.  Plaintiff sufficiently states a claim for retaliation in violation of the First

22  Amendment against these Defendants and they will required to respond to the First Amended

23  Complaint.

24  **V.    Warnings**

25        **A.    Address Changes**

26        Plaintiff must file and serve a notice of a change of address in accordance with Rule

27  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

28

- 4 -

a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's claim for deprivation of property and Defendant Sullivan are **dismissed** without prejudice. (Doc.# 17.)

(2)    Defendants Robinson, Sigston, and Sampson must respond to Plaintiff's claims of retaliation in the First Amended Complaint. (Doc.# 17.)

(3)    The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc.# 17), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 form for Defendant Sampson.

(4)    Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for Defendant Sampson, a copy of this Order for Defendant Sampson, a completed summons for Defendant Sampson, and a completed USM-285 for Defendant Sampson.

(5)    Plaintiff must not attempt service on Defendant Sampson and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from Defendant Sampson or serve Defendant Sampson.

1      (6)    Defendants Robinson and Sigston must answer the First Amended Complaint

2  or otherwise respond by appropriate motion within **20 days** of the filing date of this Order.

3      (7)    Any answer or response must state the specific Defendant by name on whose

4  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

5  does not identify the specific Defendant by name on whose behalf it is filed.

6      (8)    The motion for extension of time to answer filed by Defendants Robinson and

7  Sampson is **denied** as moot.  (Doc. #20.)

8      DATED this 15th day of January, 2009.

Roslyn O. Silver
United States District Judge

- 6 -