IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory Lynn Norwood,<br><br>      Plaintiff,<br><br>vs.<br><br>M. Robinson, et al.,<br><br>      Defendants. | No. CV 08-00172-ROS<br><br>**ORDER** |

Pending before the Court are Defendants' Motions to Dismiss (Doc. 27, 35). For the following reasons, the motions will be granted.

**BACKGROUND**

Plaintiff is a California state prisoner. In August 2006, Plaintiff was transferred between locations. In connection with that transfer, some of Plaintiff's personal property was confiscated by Defendant Robinson. Plaintiff claims he filed an administrative grievance based on the confiscation. Plaintiff had other property confiscated in September 2006. On September 27, 2006, Plaintiff filed a grievance regarding his property. The informal response to the grievance was that the property at issue was not allowed pursuant to prison regulations. Plaintiff appealed that denial through multiple levels, eventually receiving a "Director's Level Appeal Decision" denying his request. At no point in the grievance process did Plaintiff raise a claim that his property had been confiscated in retaliation for his prior filing of grievances.

In November 2006, Plaintiff filed another grievance complaining that the prison was not delivering his quarterly package in a timely manner. Plaintiff did not receive a package sent in September 2006 until December 2006. The prison instituted this policy following an attack on a staff-member. Plaintiff's grievance claimed the policy was "a retaliatory practice" because "facility searches have already taken place." The meaning of this allegation is unclear, but it appears Plaintiff believed the policy was retaliating against African Americans because an African American had attacked the staff member. Plaintiff believed there was no longer a need for delaying delivery of packages because a complete search of the prison had been completed.

Plaintiff's amended complaint contains causes of action premised on Defendants Robinson and Sigston, both prison officials, retaliating against him for filing a grievance by confiscating his property. These Defendants also allegedly retaliated against Plaintiff by failing to deliver his packages in a timely manner. Plaintiff alleges Defendant Sampson, the grievance coordinator, knew of Robinson's actions and took no action to correct them. The retaliatory acts allegedly violated Plaintiff's First Amendment rights.

Defendants now move to dismiss the complaint on the basis that Plaintiff did not exhaust his administrative remedies. In particular, Defendants argue that Plaintiff's administrative claims did not make any allegations regarding First Amendment retaliation. Instead, the claims are addressed simply to the confiscation of Plaintiff's property and his disagreement with the policy regarding delivery of packages. Defendants are correct.

## ANALYSIS

### A. Motion to Dismiss Standard

Defendants seeks dismissal based on Plaintiff's alleged failure to exhaust his administrative remedies. When deciding such a motion, "the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). If Plaintiff did not exhaust his administrative remedies, this suit must be dismissed without prejudice. *Id.*

### B. Plaintiff Did Not Exhaust His Claims

The Ninth Circuit addressed the requisite level of specificity for inmate grievances in *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009). There, the court found that a grievance need only "alert[] the prison to the nature of the wrong for which redress is sought." *Id.* at 1120. This is a "low floor," but the grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Id. See also Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("[T]he grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit . . . .").

Plaintiff's only claims are based on alleged retaliation in violation of the First Amendment.[1] Plaintiff's first claim is that his property was confiscated because he previously filed grievances. But the grievances Plaintiff filed in connection with his confiscation claim did not make any mention that the actions were motivated by Plaintiff's previous grievances. In fact, Plaintiff's grievance claims his property was taken for "no reason" and there was no "penological justification" supporting the confiscation. There is no mention in these materials, including the responses by prison officials, that Plaintiff believed he was being punished for exercising his First Amendment rights. Plaintiff did not provide any indication that "the nature of the wrong" at issue was a First Amendment violation. *Griffin*, 557 F.3d at 1120. Therefore, Plaintiff did not exhaust his administrative remedies regarding this claim.

The grievance regarding untimely delivery of care packages presents a closer question. Plaintiff's original grievance asserts that the policy of delaying the delivery of packages is a "retaliatory practice." Plaintiff's grievance, however, makes it clear that the "retaliation" at issue was not a First Amendment claim. Instead, Plaintiff's grievance asserted that prison officials delayed delivery of packages to all African American inmates. It is undisputed that the delayed delivery of packages was pursuant to a policy regarding the

---

[1] The Court previously screened the complaint and determined other causes of action could not proceed. (Doc. 23).

- 3 -

issuance of packages to inmates affected by a lockdown. Plaintiff did not assert that the delay in delivering his packages was the result of an exercise of his First Amendment rights. Therefore, Plaintiff did not exhaust his administrative remedies on this claim.

### C. Plaintiff Fails To State A Claim Regarding Package Delivery

Plaintiff's suit would be dismissed even if the Court concluded that Plaintiff *did* exhaust his administrative remedies regarding the delayed package claim. "The five basic elements of a viable claim of First Amendment retaliation [are] (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). The complaint does not adequately plead each of these requirements.

According to the complaint, there was a policy in place granting officials 90 days in which to deliver packages. Relying on this policy, officials delayed delivery of *all* packages to *all* inmates on lockdown. Plaintiff does not allege any facts showing that the withholding of his package was "because of [his] protected conduct." *Id.* In fact, Plaintiff has pled exactly the opposite in that all packages were withheld due to prison policy. Plaintiff's allegations fail to state a viable First Amendment retaliation claim. *Cf. Brodheim*, 584 F.3d at 1271 (stating "plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct").

Accordingly,

**IT IS ORDERED** the Motions to Dismiss (Doc. 27, 35) are **GRANTED**. The Clerk shall close this case.

DATED this 29th day of April, 2010.

_____
Roslyn O. Silver
United States District Judge