IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Gregory Lynn Norwood, | ) | No. CV-08-00172-ROS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| M. Robinson, et al., | ) ) | |
| Defendants. | ) ) ) | |

Pending before the Court is Defendants' Motion for Summary Judgment. (Doc. 64-1). For the following reasons, the motion will be granted.

**BACKGROUND**

Plaintiff is a California state prisoner who at all relevant times was housed at the California Correctional Institute in Tehachapi, California. In August 2006, Plaintiff was transferred out of segregated housing. In connection with that transfer, some of Plaintiff's personal property was confiscated by Defendant Robinson. Plaintiff claims he filed an administrative grievance on September 9, 2006 based on that confiscation. There is no record of that grievance other than Plaintiff's testimony. On September 26, 2006, Defendant Robinson reviewed the remainder of Plaintiff's property and confiscated additional items. The property confiscated on September 26 included: a cassette player, two cassettes, an electric razor, a hot pot, a sweat suit, six books, a brush, a pair of tennis shoes, two pairs of jeans, and one belt. According to Defendant Robinson, he confiscated these items because

they violated the "Department Operations Manual section 43 on permissible inmate property." (Doc. 64-1 at 2). Defendant Sigston worked with Defendant Robinson but he "did not take part with Officer Robinson in the confiscation of the disallowed items of Norwood's property on September 26, 2006." (Doc. 64-4 at 3).

Plaintiff exhausted his administrative remedies regarding the September 26 confiscation and filed the present suit. Plaintiff originally asserted a variety of claims but most claims were dismissed upon screening or as a result of a motion to dismiss. At the present time, the sole remaining claim is that the September 26 confiscation was in retaliation for Plaintiff filing the September 9 grievance against Robinson. Defendants seek summary judgment on that claim, focusing largely on their belief that the September 26 confiscation was justified by a legitimate correctional goal.

Plaintiff filed various documents in opposition to Defendants' motion. Those filings, however, are very difficult to understand. One section of Plaintiff's filings is a 43-page brief containing a strange mixture of legal arguments, disputed facts, and declarations by Plaintiff. Having reviewed all of Plaintiff's filings, it appears Plaintiff's main argument against granting summary judgment is that Defendants should have known the applicable prison regulation requiring the confiscation of his property was "illegal." (Doc. 66 at 15). As explored in more detail below, that argument does not prevent the granting of Defendants' motion.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When resolving motions for summary judgment, a court is not required to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Thus, when opposing a motion for summary judgment, a party must "identify with *reasonable particularity* the evidence that precludes summary judgment." *Id.* (emphasis added).

### B. Confiscation Was Supported By Legitimate Correctional Goal

Plaintiff's only remaining claim is that Defendants' actions on September 26, 2006 were impermissible retaliation for Plaintiff submitting the September 6, 2006 grievance.[1] The standard for retaliation claims is well-established: "To establish a claim for retaliation, a prisoner must show that a prison official took some adverse action against an inmate because of that prisoner's protected conduct, that the action chilled the inmate's exercise of his constitutional rights, and the action did not advance a legitimate correctional goal." *Wood v. Beauclair*, 692 F.3d 1041, 1051 (9th Cir. 2012). Under this framework, Plaintiff's claim fails because he has not proven the absence of legitimate correctional goals justifying the confiscation.

Construing the evidence in the light most favorable to Plaintiff, there is sufficient evidence to meet most of the elements for Plaintiff's claim. First, Plaintiff engaged in protected activity when he submitted the September 6 grievance. *Watison v. Cater*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("The filing of an inmate grievance is protected conduct."). Second, it was only three weeks after that protected activity that Defendant Robinson confiscated more of Plaintiff's property. That period of time is sufficient to infer a causal connection between the protected conduct and the adverse action. *Id.* And third, the September 26 confiscation might have been sufficient to chill Plaintiff from exercising his constitutional rights. *See id.* (even threat of adverse action is sufficient for retaliation claim).

---

[1] It is not clear why Defendant Sigston is named as a defendant for this claim because Plaintiff admits Defendant Sigston was not involved in the September 26 confiscation. Rather than directly connecting Sigston to the alleged retaliatory confiscation, Plaintiff merely claims Defendant Sigston "fails to acknowledge" that the regulation justifying Defendant Robinson's actions "was illegal." There is no explanation how this "fail[ure] to acknowledge" establishes a claim against Defendant Sigston. As best as the Court can discern, the only direct allegation against Sigston is that Sigston deceived Plaintiff by stating Plaintiff's confiscated property would be transferred when Plaintiff was transferred to another location. (Doc. 66 at 11). Plaintiff does not explain how such deceit constituted retaliation for protected conduct.

Accordingly, the dispositive issue is whether there is a genuine dispute as to a material fact regarding the September 26 confiscation advancing a legitimate correctional goal.

Plaintiff "bears the burden of . . . proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). In this case, the property confiscated by Defendant Robinson was prohibited by a prison regulation. And Defendants claim the prison regulation was "explicitly created to promote institutional safety and security–both by removing potentially dangerous items from inmates' possession, and by preventing the safety concerns that might arise from inmates perceiving that they were being treated arbitrarily or inconsistently due to non-uniform property restrictions amongst guards and institutions." (Doc. 69 at 6). Plaintiff has not offered any evidence undercutting this rationale nor has he offered any evidence undercutting the rationale for the particular confiscation at issue. Therefore, the September 26 confiscation was supported by legitimate correctional goals.

Plaintiff attempts to avoid this conclusion by pressing two arguments. First, that other prisoners were allowed to keep similar property. And second, that the regulation at issue was "illegal." Neither of these arguments is convincing.

According to Plaintiff, the confiscation of his property could not have supported a legitimate correctional goal because other prisoners were allowed to keep the type of property that was confiscated from him. But Defendants explain that when the regulation was passed in 2005, it contemplated a gradual phase-in such that property would only be confiscated at certain times. The regulation stated:

> As a result of the standardization of allowable inmate property, some items are no longer permissible . . . Non-clear case appliances currently possessed by inmates shall be allowed to be retained until no longer operational. Inmates shall be allowed to retain other items of personal property that are no longer authorized until either transferred or for a period of up to one year after which time they will be considered disapproved property and disposed of . . . .

(Doc. 64-5 at 6). It is undisputed that Plaintiff's property was confiscated when he was transferred out of segregated housing. Under the terms of the regulation, other inmates who had not been transferred might have still possessed property similar to that seized by

Defendants. The Court is not aware of any general requirement that new property regulations be enforced against all prisoners at the same time. And choosing to gradually apply a new regulation, rather than attempting to seize newly prohibited property from every inmate, appears reasonable. *Cf. Norwood v. Vance*, 591 F.3d 1062, 1066 (9th Cir. 2010) ("It is well established that judges and juries must defer to prison officials' expert judgments."). The mere fact that other prisoners might have retained property forbidden by the prison regulation does not establish that the regulation and the confiscation of Plaintiff's property were not advancing legitimate correctional goals.

Plaintiff's repeated claim that the regulation at issue was "illegal" does not fare any better. It appears Plaintiff's claims regarding "illegality" are referencing the fact that the regulation was declared invalid by the Office of Administrative Law in February 2007. (Doc. 64-1 at 10). But Defendants point out that February 2007 is long after Plaintiff's property was confiscated. The fact that the regulation was invalidated *after* Plaintiff's property was confiscated does not establish the confiscation was the result of retaliation. Moreover, after the regulation was declared invalid, the California Department of Corrections obtained emergency relief to maintain the status quo. (Doc. 69 at 9). Thus, the alleged "illegality" of the regulation does not provide any meaningful support that the confiscation failed to advance a legitimate correctional goal.

In short, the September 26 confiscation was permitted by a prison regulation and Plaintiff has not carried his burden of "proving the absence of legitimate correctional goals for the" confiscation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

Accordingly,

**IT IS ORDERED** the Motion for Summary Judgment (Doc. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Strike (Doc. 72) is **GRANTED.** Document 71 shall be **STRICKEN.**

1  **IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of
2  Defendants Robinson and Sigston and against Plaintiff.
3  DATED this 19th day of December, 2012.

Roslyn O. Silver
Chief United States District Judge